**MID-WEST INSURANCE CO. v. SHRADER.**

No. 12917—Opinion Filed April 15, 1924.

**1. Appeal and Error—Burden to Show Error—Rulings on Evidence.**

In a case tried to the court, where complaint is made of rulings admitting and excluding evidence, the burden rests upon the party complaining to show prejudicial error in such rulings, and where the court made oral findings of fact which are preserved in the case-made and such findings authorize and support the judgment rendered and are sustained by competent evidence shown in the record, it will be presumed that the trial court disregarded all incompetent evidence erroneously admitted, if there be any, in reaching its conclusion.

**2. Same—Harmless Error.**

Oral findings by the trial court, preserved in the record, are strongly persuasive that they are authorized by the evidence, and the burden of showing that such findings would or should have been different, if competent evidence erroneously excluded had been considered is upon the party complaining thereof, and unless the logical effect of such excluded evidence is shown to be material upon the issues involved, its exclusion will be deemed harmless, even though erroneous.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Alfalfa County; J. C. Robberts, Judge.

Action by Mid-West Insurance Company, against J. B. Shrader, to recover upon two certain promissory notes. Judgment for defendant; and plaintiff brings error. Affirmed.

This action arose out of the following transaction: In April, 1919, one Ward C. Osborn was an agent for the plaintiff company and visited the home of the defendant near Helena in Alfalfa county, Okla., for the purpose of soliciting hail insurance on defendant's wheat crop. Defendant was reluctant to take out hail insurance and was absolutely determined not to take out such insurance in a mutual company owing to certain experience which he claimed others in his neighborhood had previously had with a mutual company. In order to induce defendant to take insurance said Osborn represented to defendant that the Mid-West Insurance Company was an old line company with its principal office in Oklahoma City and a branch office at Enid. He further represented to the defendant that he might cancel his application if he thereafter decided to do so any time prior to May 15, 1919, by notifying the company by registered mail that he desired such cancellation. Upon these representations defendant agreed to take out insurance with the plaintiff upon two crops of wheat belonging to him and in one of which his mother also had an interest. In presenting the application to defendant for his signature, the agent, Osborn, so

folded the application as to conceal from defendant the heading of the application, which reads as follows:

"Mid-West Insurance Company

"The above company organized under the mutual insurance law of the state of Oklahoma."

Contemporaneous with the signing of said application, defendant executed the two notes sued upon in this action, one being 'for the sum of $246.40 and the other for $123.20, both being dated April 10, 1919, maturing September 1, 1919. On the same day, or the next thereafter, defendant made certain inquiries and ascertained that the Mid-West Insurance Company was a mutual company and was merely a reorganization of a company known as the Union Mutual of Enid, this being the company with which his neighbors had previously had the unpleasant experiences which defendant mentioned to the agent, Osborn. Thereupon the defendant visited the offices of the company at Enid on April 18 for the purpose of cancelling said applications and obtaining his notes, but was advised that the secretary of the company, who handled such matters, was absent. He returned the next day, which was Saturday, and found the secretary and stated to him his business. The secretary claimed that he was then too busy to attend to the matter, but that he would do so on Monday following, and instructed defendant to write him a letter reminding him to attend to it. Defendant wrote the letter de- 'manding a cancellation of his applications that afternoon, which was the 19th, and registered same to said company on Monday, the 21st. The policies were delivered to the defendant by mail April 26, but bore date of April 12. In due course of mail it required two days for mail to reach defendant from Enid.

Plaintiff's petition was an ordinary petition upon the two premium notes. Defendant's answer consisted of a general denial, and special plea of fraud and misrepresentation in the procuring of said notes, and a special plea of conditional delivery of said notes and of the consequent invalidity of same by reason of such conditional delivery and the exercise by him of his right of cancellation under such conditional delivery. Plaintiff filed a general demurrer to that paragraph of defendant's answer which alleged fraud and misrepresentation, and after the same was overruled by the court filed its reply, which was a general denial. Trial was had March 21, 1921, before the court without a jury and resulted in a judg-ment in favor of the defendant, to reverse which this proceeding in error is prosecuted.

Adam S. Garis and Titus & Talbot, for plaintiff in error.

McKeever, Moore & Elam, for defendant in error.

Opinion by LOGSDON, C. Plaintiff's first assignment of error questions the correctness of the court's action in overruling its demurrer to the answer of the defendant.

That paragraph of the answer to which the demurrer was directed is the paragraph alleging fraud and misrepresentation, and in that paragraph defendant alleged the authority of the agent, Osborn, and the fraudulent and false nature of the representations made by him to induce the execution of the notes, and alleged the reliance of the defendant upon such representations. If the agent in making such representations acted beyond the scope of his authority this would be a matter of defense, but for the purpose of the demurrer these allegations of the answer are admitted to be true. and since, if they were true in fact, they would constitute a complete answer and defense to plaintiff's claim, the action of the court in overruling the demurrer was without error.

Only one other assignment of error is presented and argued in the brief of plaintiff, and that assignment relates to the admission and exclusion of certain testimony. However, plaintiff closes his brief with this statement:

"As several of the reasons for error assigned in the petition in error come under one head, we have attempted to discuss them here together and in no sense waive any assignment of error."

This statement of plaintiff is all-embracing, and since the first assignment of error complains of the overruling of the motion for new trial, which is also all-embracing, the remaining errors complained of will be considered under this assignment.

This case was tried to the court without the intervention of a jury and the court made oral findings of fact which are incorporated in the case-made. These findings of fact by the court have been read and considered, and it cannot be said from an examination thereof that the same are not authorized and justified by competent evidence admitted and considered by the court. In cases tried to the court without a jury. where complaint is made that incompetent evidence was admitted, unless it is shown and clearly pointed out wherein such in-

competent evidence was considered and used by the court in making its findings, no reversible error is presented unless it can be said upon the whole case that there was no competent evidence in the record to authorize the findings of fact made by the court and to sustain the judgment based thereon.

In the case of Insurance Co. of North America v. Cochran, 59 Okla. 200, 159 Pac. 247, this court said:

"Where error is predicated upon the introduction of incompetent evidence, it must appear that the trial judge relied upon such incompetent evidence before the cause will be reversed; and where the conclusions of fact and of law fairly show that such evidence was not considered, its admission will be held not prejudicial."

To the same effect are the following: Stone v. Spencer, 70 Okla. 85, 191 Pac. 197; American Fidelity Co. v. Echols, 56 Okla. 228, 155 Pac. 1160; Moore v. A., T. & S. F. Ry. Co., 26 Okla 682, 110 Pac. 1059; Gernert v. Griffin, 28 Okla. 733, 116 Pac. 439.

In such cases the oral findings of the trial court preserved in the record are strongly persuasive, and alleged error in the exclusion of evidence must clearly point out the materiality of such excluded testimony and must show wherein such excluded testimony would have changed the result and necessitated different findings of fact had it been admitted and considered by the court. Unless this is done a judgment authorized by competent and material evidence shown in the record will be sustained, and error, if any, in the exclusion of such evidence will be deemed harmless. Browning v. Atkins, 10 Okla. 536, 62 Pac. 281; Funk v. Hendricks, 24 Okla. 837, 105 Pac. 352; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; Moore v. A., T. & S. F. Ry. Co., 26 Okla. 682, 110 Pac. 1059; Nat. Bank of Commerce v. Fish, 67 Okla. 102, 169 Pac. 1105.

Upon a consideration of the whole case as presented by the record before this court no error is shown prejudicial to the substantial rights of the plaintiff, and the judgment of the trial court should, therefore, in all things be affirmed.

By the Court: It is so ordered.