**KELLOGG v. SMITH et al. (two cases).**
**BARNES v. SAME.**

No. 24311.   March 5, 1935.

Rehearing Denied April 2, 1935.

C. H. Ruth, for plaintiffs in error.

Ingle & Moore, for defendants in error.

PER CURIAM. This is an appeal from the district court of Oklahoma county in three consolidated actions by three several judgment creditors of the same judgment debtor, and against the same garnishee.

The record shows that the three judgment creditors had obtained several judgments against the same judgment debtor. Executions had been issued in each case against the judgment debtor and returned "nulla bona." Garnishment summons in aid of execution had then been issued and served upon the defendant in error. The defendant in error testified that he had prepared a verified answer in each case, enclosed them in an envelope addressed to the clerk of the court from which the garnishment summonses had been issued, and deposited or caused the same to be deposited in the United States post office in ample time for them to reach the clerk before the time to answer had expired. The record further shows that these answers were not received and filed by the clerk.

After the expiration of the time for the garnishee to answer, the court entered judgment against the garnishee in each of the three actions. The amount of these judgments aggregate about $4,000.

Later executions were issued against the

garnishee upon these judgments, and the garnishee testified that it was then that he learned for the first time of the entry of these default judgments against him.

Upon his application, levy under these executions was suspended, and he filed his verified petition for the vacation of such judgments under the seventh subdivision of section 556, O. S. 1931.

The plaintiffs in error waived the issuance of summons and entered their appearance thereto and filed an answer in the nature of a general denial of the material allegations of the petition to vacate.

These pleadings were filed and the trial upon the issues thus joined was had at a subsequent term to the one at which the judgments against the garnishee were rendered.

At the trial the garnishee testified to the mailing of his answers as aforesaid; the failure of the clerk to receive and file them; that he had no knowledge of the default judgments against him until the issuance of the executions thereon, and that he was not at the time the garnishment summonses were served upon him and had not been since such service, and was not at the time of such trial, in any manner indebted to the judgment debtor.

There was no evidence offered or introduced to contradict or impeach this testimony on the part of the garnishee.

After the evidence was all in, the court entered judgment, vacating the prior default judgments against the garnishee, permitting him to file verified answers denying liability as garnishee, and discharging the garnishee, upon the evidence taken in support of his petition to vacate and upon his verified denials of liability.

1. It is contended by the plaintiffs in error that the allegations of the petition to vacate, and the evidence in support thereof, simply show negligence on the part of the garnishee and not such unavoidable casualty or misfortune as to prevent the garnishee from defending, as is contemplated by subdivision 7 of section 556, O. S. 1931.

The reliability of the United States mail service, where mail is properly addressed, is such that the public generally have justified confidence therein to such an extent that they continuously entrust their most important transactions to the mails. The guarnishee was justified in believing that his answers so entrusted to the mails would be delivered to and filed by the clerk, and that when so filed by the clerk they would be conclusive, unless within 20 days he was served with a notice in writing to the effect that the plaintiff elected to take issue with him upon the truth of such answer, as provided in section 620, O. S. 1931.

We hold that the failure of the postal authorities to deliver the answers of the garnishee, which were mailed as testified to by him, and the failure of the clerk to file such answers on that account constituted unavoidable casualty or misfortune which prevented the garnishee from defending, within the purview of subdivision 7, of section 556, O. S. 1931, supra. In the cases of C., R. I. & P. Ry. Co. v. Eastham, 26 Okla. 605, 110 P. 887, and Hogan v. Bailey, 27 Okla. 15, 110 P. 890, it is held that the miscarriage in the mail of a pleading in a case is an accident sufficient to justify the vacation of a judgment. While the action in these cases seems to have been taken at the same terms in which the judgments vacated were rendered, we see no reason why the opposite rule should apply in the case where the party in interest did not learn of such miscarriage until after the expiration of the term at which the judgment to be vacated was rendered. It is just as much of an accident or casualty in one case as in the other, and section 556, O. S. 1931, supra, authorizes the court to vacate a judgment after the term at which it was entered upon the filing of a proper verified petition and issuance of summons as provided in section 558, O. S. 1931.

2. The plaintiffs in error complain because the court permitted the garnishee to testify as to the issuance of a garnishee summons against him in a similar suit by another plaintiff against the same defendant, and his agreement with the attorney for the plaintiff in that action that, inasmuch as he was not indebted to the defendant in that action, it would not be necessary to file answer. This was some time prior to the issuance of the garnishment summonses in these consolidated cases, and we fail to see the competency of this testimony. However, the trial was to the court without a jury, and the court will be presumed to have disregarded any incompetent testimony. And since the competent evidence before the court sustains its judgment, the case will not be reversed because of the incompetent evidence the court is presumed

to have disregarded. In the case of Cobb v. Whitney, 124 Okla. 193, 255 P. 577, we said:

"When a cause is tried to the court without the intervention of a jury, it must frequently hear the answer of the witness for the purpose of determining its relevancy and competency, and the presumption is indulged that the trained mind of the court can and will and does discard and expunges from its mind all irrelevant, immaterial and incompetent testimony, and determines the cause upon competent, relevant testimony, unless the contrary clearly appears."

3. The plaintiffs in error also claim that the court erred in permitting the garnishee to testify that he was not indebted to the judgment debtor at the time of the service of the garnishment summons upon him, nor at any time thereafter, nor at the time of the hearing.

This testimony was necessary to enable the court to adjudge that the garnishee had a prima facie valid defense.

Section 558, O. S. 1931, provides:

"The proceedings to vacate or modify the judgment, or order on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9 of the second preceding section shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate or modify it and the defense to the action if the party applying was the defendant. * * *"

Section 559, O. S. 1931, provides:

"The court may first try and decide upon the grounds to vacate or modify a judgment or order before trying or deciding upon the validity of the defense or cause of action."

Section 560, O. S. 1931, provides:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action. * * *"

It is held under these sections that before the court can vacate or modify a judgment or order, the party applying therefor must establish by proof: First, that one or more of the grounds mentioned in section 556 exists; and, second, that the party applying, if the plaintiff, has a valid cause of action; or, if the defendant, a prima facie valid defense.

This question was passed upon by this court in Oklahoma Railway Co. v. Holt, 161 Okla. 165, 17 P. (2d) 955; the syllabus is as follows:

"A party who seeks the vacation of a judgment after the term at which it was rendered must allege and prove that he has a valid cause of action or defense, and to entitle him to relief, the court must adjudge that such cause of action or defense is prima facie valid."

It is therefore necessary that the party applying for the vacation or modification of the judgment or order shall introduce proof as to the validity of his defense or cause of action.

4. In this case, however, the answer to the petition to vacate simply denies the material allegations of such petition, which were that the unavoidable casualty existed, and that the garnishee had a valid prima facie defense. The prayer of the petition was to vacate the judgment and to permit the garnishee to file answer instanter.

Under this state of the pleadings, after the court had adjudged that the unavoidable casualty existed and that the garnishee had a prima facie valid defense, and after the court had vacated the default judgments and permitted the garnishee's answers to be filed, it should have granted the plaintiffs time to contest the truth of the answers of the garnishee if they so desired. The court, however, entered judgment discharging the garnishee upon the testimony introduced in support of the petition to vacate.

The plaintiffs in error excepted to the judgment discharging the garnishee, and cite Nero v. Brooks, 116 Okla. 279, 244 P. 588, in support of this contention.

Section 620, O. S. 1931, provides, in part:

"The answer of the garnishee shall in all cases be conclusive of the truth of the facts therein stated, with reference to his liability to the defendant, unless the plaintiff shall within 20 days serve upon the garnishee a notice in writing that he elects to take issue on his answer. * * *"

While the judgment creditors in this case might have filed answers which put in issue the question of the truth of the answers of the garnishee, which would, therefore, have justified the court in disposing of the entire case on a single hearing, as was done in Gavin v. Heath, 125 Okla. 118, 256 P. 745, still, under the condition of the pleadings in this case, and on account of the fact that the plaintiffs in error excepted to the judgment of the court discharging the garnishee,

we feel that they were not necessarily ready for the trial of this issue at the time, and that the trial court should, under section 620, supra, have granted them 20 days after the filing of the garnishee's answer within which to serve notice on the garnishee if they elected to dispute the truth of the answers.

The judgment of the trial court vacating the three judgments against the garnishee and permitting him to file answers instanter is affirmed.

The judgment discharging the garnishee in said three cases is reversed, with directions to the trial court to permit the plaintiffs in error to contest the truth of the answers of the garnishee within the time prescribed in section 620, supra, after notice of the filing of the mandate herein in the lower court, if they elect so to do. If they do not so elect within the prescribed time, the garnishee should then be discharged.

The Supreme Court acknowledges the aid of Attorneys James D. Talbott, A. O. Harrison, and R. L. Foster, in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Talbott and concurred in by Mr. Harrison and Mr. Foster, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of this court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.