## BALTIMORE AMERICAN INS. CO. OF NEW YORK v. CANNON, Adm'r.

No. 27637.    Oct. 19, 1937.

Rehearing Denied Nov. 16, 1937.

Rittenhouse, Webster & Rittenhouse, for plaintiff in error.

Butler, Brown & Rinehart, for defendant in error.

BAYLESS, V. C. J. The Baltimore American Insurance Company of New York issued its policy of insurance to W. O. Cannon against damage by collision to a Chevrolet automobile owned by Cannon. The policy was for a term commencing at noon on September 4, 1933, and expiring at noon on September 4, 1934; and it contained, among other things, a subrogation clause as follows:

"This company may require from the Assured an assignment of all right of recovery against any party for loss or damage to the extent that payment therefor is made by this company."

On May 7, 1934, while said policy was in effect, said automobile was damaged by a collision with a school bus driven by one L. A. Imel. In the collision W. O. Cannon received personal injuries, and thereafter died on the same day the collision occurred. He left surviving him his mother, and brothers and sisters.

On or about August 14, 1934, Ed Cannon, a brother of W. O. Cannon, was by the county court of Hughes county, Okla., appointed administrator of the estate of W.

O. Cannon, and thereafter, said administrator, as such, brought an action in the district court of Hughes county, Okla., in which he sued L. A. Imel for the wrongful death of W. O. Cannon growing out of the aforementioned collision. Trial of the case resulted in a judgment being rendered for the plaintiff and against Imel. The judgment became final, and was fully paid and satisfied.

Thereafter, and on November 14, 1934, said administrator, as such, commenced this action in a justice of the peace court in Oklahoma county, against the Baltimore American Insurance Company, alleging that said company was liable on the policy aforementioned for payment of the damage done to W. O. Cannon's automobile in the collision aforementioned, and praying for judgment in the amount of $150. The trial which followed was before the court, without a jury, and resulted in judgment for the plaintiff for the full amount for which he had sued. The defendant, by appeal, brought the case to the court of common pleas of Oklahoma county. In that court, after trial before the court, without a jury, judgment was rendered in favor of the plaintiff for $120. And, from this judgment said defendant has appealed.

In this appeal it appears as being contended by the plaintiff in error, Baltimore American Insurance Company, that the clause in relation to subrogation, contained in the policy which it issued to W. O. Cannon, entitled the company to an assignment of the right of recovery against L. A. Imel for the damage done to W. O. Cannon's automobile, but that 'an assignment of such right to the company by the administrator would be of no avail, for the reason that the judgment which the administrator obtained against Imel in the district court of Hughes county "constituted a bar to any action by Cannon (the administrator) or his assignees for the damage to the automobile in question."

The right of action for wrongful death is created by section 570, O. S. 1931. Said section provides:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission.

* * * The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased." (Rev. Laws 1910, section 5281.)

Under certain conditions the widow of the deceased may institute and maintain the action provided in section 570, supra. Section 571, O. S. 1931; Rev. Laws 1910, section 5282. And in Smith v. Chicago, R. I. & P. Ry. Co., 42 Okla. 577, 142 P. 398, this court had under consideration the question whether in an action under 570, supra, prosecuted by the widow for herself, and as next friend for the minor children of deceased, she could join a cause of action and recover for mental anguish and suffering of deceased, resulting from the negligent acts which caused his death. The conclusion reached is announced in paragraph 6 of the syllabus, thus:

"Under section 5281, Rev. Laws 1910, damages recovered must inure to the exclusive benefit of the widow and children, but such widow and children, suing in such capacity for the pecuniary loss sustained by them in the death of the husband and father, cannot recover for mental anguish and suffering, because whatever may be recovered for mental anguish and suffering belongs to the estate of deceased and not exclusively to the widow and children, and should be recovered by a separate action."

Section 568, O. S. 1931 (Rev. Laws 1910, section 5279), provides:

"In addition to the causes of action which survive at common law, causes of action for * * * an injury to the person, or to real or personal estate, * * * shall also survive: And the action may be brought, notwithstanding the death of the person entitled or liable to the same.".

In the case of the St. Louis & S. F. R. Co. v. Goode, Adm'x, 42 Okla. 784, 142 P. 1185, this court had under consideration the question whether a recovery by the widow as administratrix for the benefit of herself and next of kin under section 570, supra (Rev. Laws 1910, section 5281), was a bar to her further prosecution, as administratrix, of an action for personal injury and damages to his estate, commenced by her husband in his lifetime, and which survived his death by virtue of the provisions of section 568, supra, and 569 Id. (Rev. Laws 1910, sections 5279-5280), both causes of action being based upon the same negligent acts. After discussing the elements

246

of the two causes of action, and comparing the statutes involved, with the aid of many authorities, the court said:

"This leads us to believe that the two causes of action, in cases such as this, are coexistent; that a recovery on the one does not bar a recovery on the other; that the damages to the estate begin with the wrong and cease with the death; that the widow's damages begin with the death: that they do not cover the same field, nor do they overlap. We think, after a somewhat extended study of the cases, arising under a similar condition of the statute law, that the holding here made is supported not only by reason, but the weight of authority."

See, also, City of Shawnee v. Cheek, 41 Okla. 227, 137 P. 724; Aetna Casualty & Surety Co. v. Young, 107 Okla. 151, 231 P. 261; Peake, Adm'r, v. Baltimore & O. R. Co., 26 Fed. 495; Mahoning Valley R. Co. v. Van Alstine (Ohio) 14 L. R. A. (N. S.) 893, 83 N. E. 601; and May Coal Co. v. Robinette, Adm'r (Ohio) 165 N. E. 576, 64 A. L. R. 441.

We hold, therefore, that the aforementioned contention of the plaintiff in error is without merit.

The plaintiff in error also contends that the trial court erred in admitting over the objection of the plaintiff in error certain alleged incompetent evidence offered by the defendant in error. However, since the trial was to the court without a jury, and in the state of the record before us, we here apply the rule stated in Kellogg v. Smith, 171 Okla. 355, 42 P. (2d) 493, as follows:

"Where a cause is tried to the court without the intervention of a jury, it is presumed that in rendering judgment the court disregarded any incompetent testimony or evidence which may have been introduced; and where the competent evidence introduced supports the judgment of the court, such judgment will not be reversed because of the introduction of incompetent evidence which the court has presumably disregarded."

Upon a consideration of the whole case, as presented by the record before us, we find no error prejudicial to the substantial rights of the plaintiff in error, and the judgment of the trial court is, therefore, in all things affirmed.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.