## OKLAHOMA RAILWAY CO. v. GAINES.

No. 33220.   Oct. 5, 1948.

*198 P. 2d 411.*

Richardson, Shartel, Cochran & Pruet, by F. M. Dudley, and R. C. Jopling, Jr., all of Oklahoma City, for plaintiff in error.

William T. Billups and Howard E. Duncan, both of Oklahoma City, for defendant in error.

DAVISON, V.C.J.   The defendant below, Oklahoma Railway Company, a corporation, brings this case here on appeal, seeking to reverse a judgment, rendered by the court of common pleas of Oklahoma county, Okla., on appeal from the justice of the peace court, against said defendant, and in favor of the original plaintiff, Eva Gaines, in the amount of $160, damages for personal injuries resulting from a collision of one of the defendant's street buses with the car in which plaintiff was a passenger.   The parties will be referred to as they appeared below.

On the morning of May 21, 1946, plaintiff, as a passenger in an automobile being driven by one Andrew Robinson, was riding to work.   The car was traveling south on Everest avenue in Oklahoma City toward its intersection with Fifth street.   One of defendant's street buses was traveling east on Fifth street toward the same intersection. When the Robinson car had crossed Fifth street to a point where the front of the car was about ten feet south of the south line of the street and some 12 feet east of the west curb of Everest avenue, the right front part of the defendant's bus collided with the right rear fender of the Robinson car, knocking it some 33 feet where it turned over.   As a result, plaintiff suffered minor physical injuries, to recover for which she brought this action.

Plaintiff founded her right to recover upon an alleged violation by the bus driver of an Oklahoma City ordinance providing that "the driver of a vehicle approaching an intersection shall yield the right of way to a vehicle which has already entered the intersection from a different street."   The defendant denied any negligence on the part of its driver and alleged that the collision was solely the result of negligence on the part of the driver of the car in which plaintiff was riding, specifically alleging that he violated the ordinance above quoted and also those with reference to speed limits and reckless driving.   It was plaintiff's theory, supported by her testimony and that of the driver of the car she was in, that their car first entered the intersection and just as it had crossed the street was hit at about the right rear wheel by the bus. It was defendant's theory, supported by the testimony of the bus driver and several passengers, that Robinson drove recklessly at a high rate of speed around the front of the bus and sideswiped it getting back to the right side of the street.

The testimony was in sharp conflict as to the vital facts, but different parts of it were sufficient to support the theory of either party.

The only question presented by this appeal is as to the sufficiency of the evidence to support the judgment.

The existence of negligence on the part of defendant and its causal connection with plaintiff's injury was a question of fact. The case was tried to the court without a jury. His findings, under such conditions, were entitled to the same weight as would have been the verdict of the jury and, where there is any competent evidence tending to support the same, this court will not, on appeal, reverse the judgment on the ground of insufficiency of the evidence. Oklahoma Natural Gas Co. v. Graham, 188 Okla. 521, 111 P. 2d 173; Atlantic Refining Co. v. Fulsom, 185 Okla. 357, 91 P. 2d 758.

The judgment is affirmed.