## ASKINS v. BRITISH-AMERICAN OIL PRODUCING CO.

No. 32833.  March 15, 1949.

*203 P. 2d 877.*

Gerald Spencer and Albert D. Lynn, both of Oklahoma City (Dudley, Duvall & Dudley, of Oklahoma City, of counsel), for plaintiff in error.

D. A. Richardson and Earl Pruet, both of Oklahoma City (Richardson, Shartel, Cochran & Pruet of Oklahoma City, of counsel), for defendant in error.

LUTTRELL, J.  Plaintiff, Otto Askins, claiming to be the owner of mineral interests ·in certain vacated streets in Oklahoma City, brought this action against the British-American Oil Producing Company, lessee of the blocks adjacent to the streets above referred to, for an accounting and to recover the value of oil and gas which he alleges was produced by defendant from those portions of the streets and alleys claimed by him.  Defendant in its answer denied generally the allegations of the petition, admitted its ownership of the oil and gas lease on the blocks in question, and that it had drilled three wells on said blocks; alleged that the portion of the streets and alleys claimed by plaintiff was not included in its oil and gas lease or in the permits it obtained from the city to drill said wells; alleged that plaintiff had no interest in or title to that portion of the streets and alleys claimed by him, and further alleged that plaintiff had been guilty of laches.  The case was tried to the court without a jury, and judgment was rendered for defendant.  Plaintiff appeals.

There seems to be little, if any, controversy as to essential facts.  From the record it appears that defendant's lease for oil and gas covering the three blocks in controversy was taken in 1932, and that subsequently, in 1936, defendant obtained permits for the drilling of wells for oil and gas upon the blocks, drilled thereon, and has since been producing oil and gas therefrom; that neither the lease itself nor the permits issued by the city for the drilling of wells in terms covered the streets and alleys in and around the three blocks.  Part of the streets and alleys in controversy were vacated by ordinances of the city passed February 18, 1936, and August 6, 1940, the ordinances providing that the city could at any time reopen the streets.  During ⋅ the year 1936 plaintiff, by several conveyances, acquired title to the mineral interests under certain lots in the three blocks covered by defendant's lease,

and immediately transferred these interests by mineral deeds, part of the deeds being made to Franco American Securities, Ltd., and some of them being made to Second Interstate Royalties Corporation, Ltd. The deeds conveying these mineral interests to plaintiff described the property conveyed by lots and blocks. In each of the conveyances made by plaintiff to the above-named grantees, he also described the property by lots and blocks, but included a small strip of land, seven or eight feet wide, adjoining the lot or lots conveyed. He also inserted in each conveyance made by him, immediately following the description of the property, statements of the amount of square feet of royalty conveyed. While these statements varied to some extent, a copy of one of them is sufficient, we think, to show the manner in which the area conveyed was specified. In the deed to Franco American Securities, Ltd., dated June 18, 1936, the statement reads as follows:

"(It is the intention of this mineral deed to convey a total of 10,500 square feet of royalty or three lots containing 3,500 square feet each.) containing 10,-500 sq. ft. more or less, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas, and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements."

The words "more or less" in the above quotation, and that part of the quotation following, are a part of the printed form of the deed.

The deeds conveying the mineral interests to plaintiff and his deeds conveying them to the two grantees above named were duly filed with defendant, and in a letter to Franco American Securities, Ltd., dated August 28, 1936, defendant advised that company that its leases excluded the streets and alleys in computing the square foot area of the lots and blocks covered by its leases, and

that royalty was payable in proportion to the square foot area of the total block exclusive of streets and alleys, but that the ultimate result would be the same whether the streets and alleys were included or excluded. It stated that the manner in which the Franco American deeds were drawn would result in more square foot area being recited in the deeds than there actually was in the block, and that the deeds should be corrected, and were returned for correction. A carbon copy of this letter was also sent to plaintiff.

Plaintiff testified that as early as 1936 he asserted claim to a royalty interest under the streets and alleys adjoining these lots, which was rejected by defendant; that because he was involved in another lawsuit, and because he understood that the royalty under these lots and blocks was being held in suspense, he did not bring this action until the determination of the other case. The petition in the instant case was filed May 24, 1945. From the evidence it appears that defendant regularly paid royalty on the lots adjoining that portion of the streets and alleys claimed by plaintiff, and that such royalties were not held in suspense.

No findings of fact or conclusions of law were requested by either party to the action and none were made by the trial court, the court finding generally that the allegations of plaintiff's petition were not supported by the evidence, and that judgment should be rendered for defendant, and judgment was rendered accordingly.

Plaintiff on appeal contends that upon vacation the fee and right of possession to the land covered by streets and alleys, which are dedicated to public use, goes to the owners of the abutting property and that in the instant case he made it clear in the mineral deeds he executed that he did not intend to convey the mineral rights under the streets and alleys in question. In other words, he asserts that the recitals in his mineral deeds, similar to the one

above set forth, clearly and unquestionably show that he did not intend to convey the oil and gas under the streets and alleys.

We are unable to agree with this contention. The rule as stated in 11 C.J.S. p. 580, section 35(a), is as follows:

"Generally a conveyance of land bounded by a street or highway carries the fee to the center thereof if the grantor owned so far and did not indicate a contrary intention; and this is so whether or not land actually so bounded is described in the conveyance as so bounded."

9 C.J. p. 195, §83; 8 Am. Jur. p. 774, §37; 2 A.L.R. p. 17, note V(b); Joy v. Kizziar, 169 Okla. 642, 38 P. 2d 493. The intention of a grantor to exclude that portion of a street or alley from a deed conveying property bounded thereby must, under the authorities above cited, clearly appear, or be clearly expressed.

The fact that the street has been vacated does not affect the operation of the rule. Upon the vacation of the street the land to the center thereof attaches to and becomes a part of the adjoining lots. McPike v. Avery, 119 Okla. 140, 249 P. 273.

There is no language in the deeds expressly or by necessary implication reserving the minerals under the streets and alleys in plaintiff, or excepting them out of his conveyance of all the oil and gas under the property conveyed. The language used does not clearly indicate such an intention, nor does the evidence disclose any agreement or understanding, written or oral, between the plaintiff and his grantees, that they were so reserved or excepted.

The recitations contained in the various deeds of the number of square feet of mineral interest intended to be conveyed by the deeds are merely estimates of the area believed by the parties to be covered by the conveyance.

In Anderson-Prichard Oil Corp. v. Key Okla. Oil Co., 149 Okla. 262, 299 P. 850, we said:

"It is our view that area as shown by the deed and the lease was a mere matter of estimate and resort is to be had to the area as shown by the plat in order to fix the boundary only when such boundary is not otherwise ascertainable, and quantity ought not be employed to make uncertainty, not otherwise existing, and then employed to decide the uncertainty."

The general rule as to the value of a statement in a deed of the quantity of land conveyed in relation to the boundaries thereof is stated in 11 C.J.S. p. 621, section 52(e), as follows:

"A description of land by reference to a map, plat, or field notes is of greater force than, or controls, a call for the area or quantity of land conveyed. Quantity has been said to be of small dignity in construing field notes."

To the same effect is 9 C.J. p. 221, section 147, and 8 Am. Jur. p. 790, section 63. In construing a deed, where there is doubt as to whether it was intended to convey land to the center of an adjoining highway, it will be presumed that such was the intention. 9 C.J. p. 200, §90.

In the instant case, had it been the intention of plaintiff and his grantees to permit plaintiff to retain the minerals under all or part of the streets and alleys adjoining lots conveyed, the deed should have reserved such minerals to the plaintiff, or excepted them from the conveyance, by plain and simple language. This could easily have been done. We are unwilling to hold that the mere statement of quantity in the deeds clearly and plainly disclosed that such was the intention of the parties, and in such case the doubt should be resolved against the grantor. Porter v. Warner-Caldwell Oil Co., 183 Okla. 1, 80 P. 2d 252.

Plaintiff asserts that the judgment of the trial court was based upon the

ground that the streets and alleys were not included in defendant's lease. But the finding of the trial court was a general finding in favor of defendant, and in such case we have repeatedly held that where a judgment might have been based upon either of two or more grounds, but the specific ground was not pointed out, the judgment will not be disturbed upon appeal if supported on either ground. Douglas v. Douglas, 176 Okla. 378, 56 P. 2d 362; Stallings v. White, 194 Okla. 649, 153 P. 2d 813.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, GIBSON, HALLEY, and O'NEAL, JJ., concur.