Raymon R. ROGERS and Richard McCoy
d/b/a Rogers & McCoy Super Market,
Plaintiffs in Error,

v.

The CITIZENS NATIONAL BANK IN OK-
MULGEE, Oklahoma, Defendant in Error.

No. 39561.

Supreme Court of Oklahoma.

July 10, 1962.

Boatman, Pugsley & Boatman, by A. N. Boatman, Okmulgee, for plaintiffs in error.

Charles B. Steele, O. E. "Pete" Richeson, Okmulgee, for defendant in error.

### PER CURIAM.

This action was brought by the plaintiff against the defendant, Louie N. Brown, on three promissory notes and for the foreclosure of a chattel mortgage covering some 25 or 30 head of cattle given as security. After the action was commenced the plaintiff learned that Raymon R. Rogers and Richard McCoy, doing business as Rogers and McCoy Super Market, had bought some of the cattle and made them party defend-

ants. Two other persons were also made party defendants but they are not involved in this appeal.

The case was tried to a jury and it returned a verdict for $350.00 and $92.90 costs against the defendants Rogers and McCoy from which this appeal is taken.

The trial court directed a verdict against Louie N. Brown for the principal amount of $1,320.99, plus interest, attorney fees and costs. He did not appeal.

On appeal the defendants contend that the trial court erred in refusing their attorney a fair examination of the jurors on voir dire examination, in admission of evidence, and in entering judgment for the plaintiff against them after directing a verdict for the full amount sued for and $92.90 costs in favor of the plaintiff and against the defendant Louie N. Brown.

As to the first assignment the defendants point out that the entire examination of the jury by the attorneys was not included in the record, but that the record reflects the following:

"THE COURT: Ladies and Gentlemen of the Jury: There is some disagreement about what this voir dire, or proper voir dire statements to this jury. The Court feels that in qualifying a jury, whether or not you will give the same consideration to a witness, regardless of creed or color is something that can be gone into in this voir dire. The Court does not feel that counsel may go into what the Court feels is argument at this time, and therefore admonish you not to consider the statement counsel has made regarding the colored witness. Certainly not at this time.

"MR. BOATMAN: I would only like to repeat the question and let it be objected to so I will have it in the record, I want to get it in this record.

"THE COURT: You may dictate it outside. I don't want it repeated to the jury.

"MR. BOATMAN: Let it show that counsel having asked each of these jurors about the credibility of a certain colored witness, the attorney for the defendant then asked them if the evidence showed that this colored witness was the one who had disposed of this mortgaged property, that the defendants are charged with buying, would they not hesitate in believing such a witness."

■ The objection to such offer by the plaintiff was sustained and defendants given exceptions. In Rhodes v. Lamar et al., 145 Okl. 223, 292 P. 335, we held in the fifth paragraph of the syllabus:

"The extent to which the examination of a prospective juror on his voir dire may be pursued is, in large measure, within the sound discretion of the trial court, and its action thereon, except in a clear case of abuse, will not be disturbed."

■ The purpose of such examination of a juror on his voir dire is to ascertain whether there are grounds for a challenge for either actual or implied bias and to enable defendant to intelligently exercise his peremptory challenges. Temple v. State, 15 Okl.Cr. 176, 175 P. 733.

■ From an examination of the record presented to us by the defendants on this assignment of error and from examination of the briefs of the parties we find the trial court did not abuse its discretion on their voir dire examination.

■ As to the admission of incompetent evidence over their objection and as to the rejection of evidence claimed by them to be competent, the defendants do not make a showing of prejudice resulting to their interests.

In Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131, we held a cause will not be reversed for admission of incompetent evidence if it does not affirmatively appear that such admission resulted prejudicially to the interest of the objecting party. We also held that a case will not be reversed for error in admission of evidence unless it appears from the whole record that a miscarriage of justice has probably resulted or a constitutional or statutory right has been violated and that the objecting party has the burden of showing that (admitted) evidence was incompetent and also prejudicial. This the defendants failed to do.

■ They further contend that the judgment against Louie N. Brown directed by the court for the full amount sued for was all the plaintiff was entitled to recover and a judgment against them for the $350.00 and costs was unauthorized and contrary to law.

As we stated above the plaintiff's claim against the appealing defendants was based on conversion of some cattle which were security under the chattel mortgage held by plaintiff.

■ The jury rendered two verdicts: one an instructed verdict against Brown, and the other on their findings against the defendants for the sum of $350.00. There is nothing inconsistent or incompatible in the two verdicts as the liability is joint and several. However, any sum in excess of the amount of $350.00 and costs must come from Louie N. Brown, and if the judgment against Brown is collected in toto from him the other defendants will be relieved of any liability under the judgment.

■ 12 O.S.1961 § 928, provides that unless otherwise provided in the statutes (and there is no claim made that another statute applies):

" * * * costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, * * *."

There was therefore no error in assessing costs against the appealing defendants as well as against defendant Brown. As in the case of the judgment, plaintiff can make but one recovery. If the costs be paid by defendant Brown these appealing defendants will not then be liable for payment of costs.

Affirmed.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter upon report and consideration in conference, the foregoing opinion was adopted by the Court.