**Abner James LOFTIS, Plaintiff in Error,**

**v.**

**Daniel R. COLLINS, Defendant in Error.**

**No. 41184.**

Supreme Court of Oklahoma.

May 17, 1966.

Carroll Samara, Oklahoma City, for plaintiff in error.

Liebel & Shumake, Oklahoma City, for defendant in error.

PER CURIAM.

Plaintiff in error, as plaintiff below, brought this action to recover alleged damages suffered by him as a parent for the loss of earnings of his minor son, hospital and medical expenses of the son, and for damage to plaintiff's car, all of which damages are alleged to have been caused by an automobile accident. The accident occurred when plaintiff's automobile, while being operated by the plaintiff's son, was involved in a collision with defendant's car on the Northwest Expressway in Oklahoma City.

The circumstances leading up to the collision were, of course, in dispute; the plaintiff alleging on the one hand that "the accident was due to the failure of defendant to yield the right-of-way, driving recklessly, driving at an excessive speed, failing to keep a proper lookout, and failure to keep his vehicle under control." That the defendant, while proceeding in a southeasterly direction, "cut across" the lane of northerly bound traffic, and the plaintiff's automobile, which was being driven in the lane of eastbound traffic, collided with defendant's vehicle. The defendant, on the other hand, while admitting that a collision occurred between the respective vehicles, denies that it was a result of any negligence on his part but alleges negligence on the part of the driver of plaintiff's vehicle at and immediately prior to the time of the collision as being the sole and proximate cause of the accident. Plaintiff's reply was in form a general denial.

The parties will be referred to by their trial court designations, except that the son of the plaintiff, James Lee Loftis, will be referred to by name.

The parties waived trial by jury and tried the matter to the court. After hearing the evidence, the trial court entered judgment for defendant. Plaintiff's motion for new trial was subsequently overruled by the trial court, and plaintiff brought this appeal urging as grounds for reversing the trial court's judgment the following alleged errors:

"The court was not justified in imputing the negligence of the driver of plaintiff's vehicle, if any, to the plaintiff."

and,

"The court was not justified in holding the defendant free from negligence."

We are not impressed with plaintiff's contention that the trial court, in its findings and judgment herein, imputed the negligence of the plaintiff's driver to the plaintiff. As we view the verdict and judgment of the trial court, it simply found that if the defendant was guilty of any negligence that such neither contributed to or was the sole proximate cause of the accident and damage to plaintiff.

The remaining contention of plaintiff actually amounts to a challenge of the judgment of the trial court upon the grounds that the same was not supported by sufficient evidence.

This case was fully tried in the lower court; and we have carefully studied the record of that trial as the same has been presented here on appeal. There exists no necessity for an extended discussion of the evidence adduced in the trial court, other than to comment upon such evidence as would tend, in our opinion, to reasonably support the verdict and judgment of that court.

The evidence indicated that James Lee Loftis, accompanied by two other youths,

was driving the plaintiff's car in an easterly direction in the "inside" lane for east-bound traffic on the Northwest Expressway in the City of Oklahoma City; that it was nighttime, and that as Loftis was approaching the entrance of a drive-in movie he noticed the defendant pull out onto the west-bound lanes of traffic, cross them, come through the center median and into the same lane of traffic in which Loftis was driving. That Loftis was then driving at a speed of sixty miles per hour, and that although he was a considerable distance from the defendant's car when he first saw it (indications were perhaps as much as two blocks), he did not apply his brakes but instead swerved his car into the "outside" lane of traffic to avoid colliding with defendant. The patrolman testified that when Loftis "swerved" his car, light tire marks were made on the pavement; that Loftis was apparently unable to completely avoid the collision, which was between the right front fender of defendant's car and the left rear quarter-panel of plaintiff's vehicle. That immediately after the impact, which resulted only in relatively light damage to defendant's car, plaintiff's car travelled onto the shoulder, thence back onto the highway—across the eastbound lanes and onto the center median where it turned over one and one-half times, finally coming to rest on its top. Considering both the tire "marks" laid down by the plaintiff's car prior to the impact and the heavier marks laid down afterwards, there were 107 feet of such marks made before the car turned over.

The defendant testified that he was leaving the drive-in movie to return to the city, and that he completely stopped his car before entering the westbound lanes of traffic; that he then proceeded across those lanes after observing that no vehicles were approaching from either the east or west; that he was then driving at a speed of five or six miles per hour, and as his car passed through and out of the center

median he looked to the west and saw no vehicles approaching; that he only heard a slight noise as the cars collided and felt a bump, but he did not see the vehicle of plaintiff until after the impact.

█ Under the circumstances existing at the time and place of the accident and considering the evidence adduced before the trial court, we cannot conclude that the finding and judgment of the trial court in favor of the defendant was not reasonably supported by competent evidence.

█ Certain well-established and fundamental rules are applicable here. They are: In jury-waived civil actions of legal cognizance, judgment will not be disturbed on appeal in absence of legal errors, if there is any competent evidence reasonably tending to support trial court's conclusion. Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769; Oklahoma Ry. Co. v. Gaines, 200 Okl. 585, 198 P.2d 411. Where the evidence as to proximate cause is conflicting, such question is for determination by the jury, or by the court when the jury is waived. Mid-Continent Petroleum Corporation et al. v. Epley, 207 Okl. 577, 250 P.2d 861. Also, the witnesses who testified in this cause were before the court, and the credibility of witnesses and effect and weight to be given to conflicting testimony are questions of fact for the trier of fact, either the court or jury, and are not questions of law for the Supreme Court on appeal. Clark v. Addison, Okl., 311 P.2d 256.

Judgment affirmed.

The Court acknowledges the services of William Bishop, who with the aid and counsel of Charles Sims, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to LAVENDER, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.