**George MARAS, Plaintiff in Error,**

v.

**C. E. SMITH, Defendant in Error.**

**No. 40792.**

Supreme Court of Oklahoma.

Nov. 15, 1966.

Richard K. McGee, W. Timothy Dowd, Tulsa, for plaintiff in error.

Covington & Gibbon, Samuel P. Manipella, Tulsa, for defendant in error.

## PER CURIAM:

This is an appeal by George Maras, defendant below, from a judgment rendered against him in the sum of $248.71 in the Court of Common Pleas of Tulsa County, in favor of plaintiff C. E. Smith, for damages to his automobile sustained in a collision with a vehicle operated by defendant. Trial by jury was waived and the case tried to the court. Parties will be referred to as they appeared in the trial court.

The defendant presents three propositions as grounds for reversal of the judgment, two of which may be disposed of without extended discussion. Defendant admits that the technical failure of the plaintiff to prove, and have received in evidence at the trial, the ordinances of the City of Tulsa relating to right-of-way does not entitle defendant to reversal. This is true, for the trial court's decision was not based upon those ordinances alone. Under the general laws of our State the plaintiff had the right-of-way, being on the defendant's right as the vehicles approached the intersection where the collision occurred in the City of Tulsa. 47 O.S.1961 § 11–401, provides:

> "(b) When two vehicles enter or approach an intersection from different highways at approximately the same time, except in (a) above, (Federal or State Highways) the driver of the vehicle on the left shall yield the right-of-way to the vehicle on the right."

47 O.S.1961 § 11–403, expressly authorizes preferential right-of-way at intersections to be indicated by stop or yield signs. 47 O.S. 1961 § 15–108, confers upon local authorities the power to erect such signs at intersections under their jurisdiction. The evidence showed that a yield sign was in existence at the intersection favoring the street upon which plaintiff was traveling, requiring vehicles upon the street traveled by defendant to yield the right-of-way.

In the absence of special findings by the trial court, pursuant to timely request therefor, indicating the facts found from the evidence and the law of the case applicable thereto, the judgment of the trial court will not be reversed on appeal if it can be sustained on any ground. Hightower v. Glenn, 198 Okl. 428, 179 P.2d 127; Askins v. British American Oil Prod. Co., 201 Okl. 209, 203 P.2d 877. The rules of the road contained in the general statutes are applicable within corporate limits and the trial courts of the State may judicially notice such statutes. 47 O.S.1961 § 15–101; Kelley v. Garfield County Bldg. & Loan Ass'n, 180 Okl. 253, 68 P.2d 811.

■ For the foregoing reasons, plaintiff's failure to offer and have received in evidence the ordinances of the City of Tulsa pertaining to right-of-way does not provide grounds for reversal, for the judgment of the trial court may be sustained on the basis of defendant's disobedience of a duly posted yield sign indicating the general right-of-way law under the general law contained in the rules of the road.

■■ There is no substantial merit to defendant's contention that plaintiff lost the right-of-way by driving left of center, and that this fact should have been considered by the court in the application of the doctrines of last clear chance and discovered peril. The record affirmatively shows the trial court permitted the pleadings to be amended to include the defendant's theory of last clear chance, and that the finding of the court thereon was against defendant in that regard. The findings of a trial court sitting without a jury are entitled to the same weight that would be given a verdict by a jury and if there is any evidence, including reasonable inferences therefrom, tending to support the findings, the trial court's judgment will not be disturbed on appeal. Oklahoma Ry. Co. v. Gaines, 200 Okl. 585, 198 P.2d 411. The record herein has been reviewed and it cannot be said that the trial court's findings and judgment are unsupported by the evidence.

The only remaining basis for reversal urged by defendant is that in plaintiff's testimony the trial court was advised of the existence of liability insurance coverage in the case. Defendant now urges that the rule requiring a mistrial in such cases should extend to non-jury trials.

■ There are many previous holdings of this Court that a presumption exists on appeal from a non-jury case that the trial court disregarded all incompetent evidence in rendering its judgment, unless the contrary clearly appears. In re Miller's Estate, 182 Okl. 534, 78 P.2d 819; Baltimore American Ins. Co. of New York v. Cannon, 181 Okl. 244, 73 P.2d 167; B. F. Avery & Sons Plow Co. v. Lightfoot, 174 Okl. 195, 50 P.2d 345; Kellogg v. Smith, 171 Okl. 355, 42 P.2d 493; Mid-West Ins. Co. of Enid v. Shrader, 99 Okl. 17, 225 P. 541. None of these cases involved the incompetent introduction of evidence of insurance coverage, but no reason appears why the rule of those cases should not be extended to such instances. Other jurisdictions which have considered this specific question have held that the rule, requiring a new trial upon the introduction of evidence of indemnity or liability insurance, does not extend to cases tried to the court without a jury, at least if such evidence is stricken by the court as improper. McPhee v. Lavin, 183 Cal. 264, 191 P. 23, 56 A.L.R. 1487; and authorities there cited.

■ In each instance the trial court sustained defendant's objections to such testimony and motions to strike the same, as having no bearing upon the issues before the court. The trial judge made it clear in his rulings that he considered such evidence incompetent and improper and, in his pronouncement of his ruling upon defendant's motion for mistrial, indicated that such evidence played no part in the outcome of the case. In any event, examination of the evidence reveals that although plaintiff testified he had insurance, the evidence finally developed that defendant Maras did not. Certainly, under this state of the record, it is difficult to understand in what manner defendant could have been prejudiced by such disclosure. While this evidence was incompetent, it is not shown wherein the evidence was prejudicial to defendant. Under the previous holdings of this Court, the objecting party on appeal has the burden not only of showing the admitted evidence was incompetent, but also admission of the testimony was prejudicial. Rogers v. Citizens Nat. Bank, Okl., 373 P.2d 256, Carraco Oil Co. v. Roberts, Okl., 397 P.2d 126.

Judgment affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, IRWIN. HODGES and LAVENDER, JJ., concur.

JACKSON, V.C.J., concurs in result.

The Court acknowledges the services of ROBERT L. BAILEY, who with the aid and counsel of WILLIAM H. MATTOON and JOHN M. LUTTRELL, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to BERRY, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.