William K. JONES, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17915.

Court of Criminal Appeals of Oklahoma.

March 14, 1973.

## OPINION

BRETT, Judge:

Appellant, William K. Jones, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Kay County, Case No. CRF-71-79, for the offense of Assault With a Dangerous Weapon. Defendant was sentenced to two and one-half (2½) years imprisonment and from said judgment and sentence, the defendant has made a timely appeal to this Court.

The incident which gave rise to this appeal was on a charge of Assault With a Dangerous Weapon against the defendant William K. Jones, which occurred during the early morning hours of July 15, 1971, in Kay County, Oklahoma, near the Uncas Bridge, which crosses the Arkansas River.

Murray Gray, his wife and daughter, were camping in this area in their trailer. Four boys were also fishing in the vicinity of the Gray's trailer. Defendant complaining of loud honking and noise from the bridge area, drove his car into the camping area and engaged several of the boys in conversation. Some testimony indicates that the defendant argued with the boys about excessive noise. Murray Gray apparently thought it was necessary to intervene and carrying a .22 caliber rifle in his possession, went to where Jones and the boys were. An argument started between the defendant and Murray Gray which temporarily ended when Gray hit the defendant, Jones, with the barrel of the .22 caliber rifle, after which the two men were separated by some of the boys. At this time, Jones left the scene. Shortly thereafter, the Gray family heard gunshots and immediately went into their trailer. After a short period of time, the family heard shotgun blasts in the vicinity and heard pellets striking the outside of the trailer and ricocheting off the trees near the camp site.

Richard Schell, a deputy sheriff of Kay County, testified that he received a call at about 12:58 A.M. on the morning of July

Leslie D. Page, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., and Fred H. Anderson, Asst. Atty. Gen., and Robert Dennis, Legal Intern, for appellee.

15, 1971, and arrived at the Uncas Bridge at about 1:15 A.M. He found the defendant standing near his car close to the camp site and was advised by the defendant that there was a disturbance in the area and that he was seeing that no one left. Deputy Schell noticed that the defendant was bleeding from his left ear and from further investigation found a Browning shotgun in the defendant's car. After making his investigation, the deputy advised both the defendant and Gray to make a report at the court house the following morning. William K. Jones, the defendant, by his own testimony, stated that he heard the blaring of a car horn near the area of the bridge, got into his car and drove to the camping area where he talked to the boys about the loud noise. After the altercation with Murray Gray, the defendant testified that he returned to his home and got an 8 millimeter Mauser Army rifle from his porch and that he fired two shots into the air. He then stated that he went back to his house and got a Browning shotgun and three rounds of ammunition and that he fired the shotgun in the area of the camp site, upwards in the trees and that in doing so, his purpose was to arrest Murray Gray and keep him from leaving the area. There is further testimony by the defendant himself and his mother that he returned to the house again to get some more ammunition and went back to the area of the camp and fired three more shots. Testimony at trial by several witnesses confirmed that there were pellet dents in the Gray trailer and that the back window of the Gray automobile had been shattered by some of the pellets.

■ The defendant's first proposition of error asserts that the trial court erred in failing to grant a mistrial when a question relating to mental institutions was asked on voir dire examination by the Assistant District Attorney. The rules regarding voir dire examination are settled in Oklahoma. The purpose of voir dire examination is to ascertain whether there are grounds to challenge for either actual or implied bias and to permit the intelligent exercise of preemptory challenges. Rogers v. Citizens National Bank in Okmulgee, Okl., 373 P.2d 256 1962). Further, the trial court has broad discretion to rule on questions to be asked on voir dire of jurors which are subject to essential fairness. The forms of the questions put to the prospective jurors on voir dire examination is a matter within that discretion and it will not be interfered with on appeal where no prejudice is shown. United States v. Brewer, 427 F.2d 409 (10th Cir. 1970); Henderson v. State, Okl.Cr., 385 P.2d 930 (1963). The Assistant District Attorney's request to the jurors was a good faith effort to determine possible prejudice or bias of a juror, due to the juror's personal exposure, or family relationship, to one who might have been committed to a state mental institution for any reason. In light of the facts in this case, we find that the trial court did not abuse its discretion in allowing this question to be asked of prospective jurors and further, without a showing by the defendant as to how he was prejudiced by such questions, the Court of Criminal Appeals will not interfere with the trial court's decision.

■ The defendant's second proposition of error asserts that the trial court erred in giving Instruction No. 8 over the objection of the defendant at trial. The defendant in this proposition contends that the trial court misled and misinformed the jury as to the doctrine of "Transferred Intent." As the defendant in his brief on this appeal admits, the doctrine of *"Transferred Intent"* is not new in the law. It is well established doctrine on which this Court has ruled many times. In examining the record and the instruction objected to by the defendant, Instruction No. 8, we find that the instruction was proper as to the doctrine and that the contention of the defendant that it was confusing or that it misled the jury, has no basis.

■ The defendant's third and final proposition of error asserts that the punishment of two and one-half (2½) years

imprisonment is excessive and should be reduced. In light of the fact that the punishment assessed in this case was within the period of time assessed by the charging statute 21 O.S.1971, § 645, we find this final proposition of error to be without merit.

Judgment and sentence affirmed.

BLISS, P. J., and BUSSEY, J., concur.