Johnnie Joseph **BURK**, Appellee,

v.

Reba L. **BURK**, Appellant.

No. 46565.

Supreme Court of Oklahoma.

Nov. 13, 1973.

Harold Hall and T. Walter Newmaster by T. Walter Newmaster, Ada, for appellee.

Carloss Wadlington, Ada, for appellant.

IRWIN, Justice:

Presented for review is an order of the trial court denying appellant's motion to vacate an order overruling her motion for a new trial.

Appellant first attempted to perfect an appeal from the order overruling her motion for a new trial. Appellant's Petition in Error was not received in the office of the Clerk of the Supreme Court within the thirty day period allowed to perfect an appeal and the Petition in Error was returned to appellant.

Thereafter, appellant filed a motion to vacate the order overruling her motion for a new trial. In this motion, appellant alleged that her Petition in Error in her attempted original appeal had been deposited in the mails and should have been delivered to the office of the Clerk of the Supreme Court in the ordinary and usual course of the mails; that for some unknown reason, the Petition in Error was not delivered to the office of the Clerk in the usual and ordinary course of the mails but there was a delay in the delivery; that if there had been no delay in the mail delivery it would have been delivered within the time prescribed for perfecting an appeal; and that failure of delivery constituted an unavoidable casualty or misfortune. Appellant prayed that the order overruling her motion for a new trial "be vacated, and that said motion for a new trial be reconsidered and a new order made thereon so as to allow * * * (her) to complete the appeal she intended to make in this case".

Appellant perfected this appeal from the trial court's order denying her motion to vacate. Appellee filed a motion to dismiss and appellant filed a response. The only issue presented is the correctness of the trial court's order denying appellant's motion to vacate. Since appellee's motion to dismiss is actually directed to the merits of this appeal, and appellant's brief in response to the motion to dismiss is in fact directed to the merits, we will determine at this time whether the trial court erred in denying appellant's motion to vacate.

Appellant relies on 12 O.S.1971, § 1031, to sustain her contention that the trial court erred in denying her motion to vacate. Sec. 1031 (Seventh) provides that the district court shall have the power to vacate or modify its own judgments or orders within the time prescribed, "For unavoidable casualty or misfortune, preventing the party from prosecuting or defending." Appellant argues that the failure in delivering her Petition in Error in her original appeal in the ordinary and usual course of the mails, was an unavoidable casualty or misfortune within the meaning of § 1031 (Seventh) supra.

Appellant cites the following cases in support of her argument. Chicago, R. I. & P. Ry. Co. v. Eastham, 26 Okl. 605, 110 P. 887, 30 L.R.A.,N.S., 740, and Chicago, R. I. & P. Ry. Co. v. Reese, 26 Okl. 613, 110 P. 1071; Nevins v. Seiber, 110 Okl. 126, 230 P. 415, and Kellogg v. Smith, 171 Okl. 355, 42 P.2d 493.

An examination of those cases discloses that an unavoidable casualty or misfortune prevented the complaining parties from prosecuting or defending their rights

in the trial court. In the case at bar, appellant was not prevented from prosecuting or defending her rights in the trial court. The trial court rendered its judgment and overruled appellant's motion for a new trial. No unavoidable casualty or misfortune occurred in the trial court but the alleged unavoidable casualty or misfortune occurred after the judgment and/or final order of the trial court and appellant attempted to perfect her appeal.

In Turrell v. Continental Oil Company, Okl., 466 P.2d 643, we said that mailing a petition in error in a cover addressed to the Clerk of this Court, postage prepaid, within time believed to be required for delivery does not constitute compliance with 12 O.S.Supp.1968, § 990, which prescribes the thirty day period for filing the Petition in Error. It appears in that case that the Petition in Error was mailed from Tulsa on November 14th, and received by the Clerk of this Court on November 18th, but the time for perfecting the appeal expired on November 17th.

In Warehouse Market, Inc. v. Berry, Okl., 459 P.2d 853, we said that appellate proceedings concerning district court judgments or appealable orders must be commenced by filing in this Court a Petition in Error within thirty days from the date of the final order or judgment appealed; and that timely commencement is jurisdictional.

Since appellant's Petition in Error in her attempted original appeal was not timely filed, the jurisdiction of this Court was not properly invoked to consider her appeal. The clear import of appellant's motion to vacate was to have the order overruling her motion for a new trial be reconsidered and a new order made thereon so as to allow her time to complete the appeal she intended to make.

The failure of appellant to perfect her appeal within the time allowed, does not constitute unavoidable casualty or misfortune within the purview of 12 O.S.1971, § 1031 (Seventh). The trial court did not err in denying appellant's motion to vacate.

Order affirmed.

BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

WILLIAMS, V. C. J., concurs by reason of stare decisis.