A.L. SHULER and Grace Shuler, individually and as Trustees under Trust Agreement dated February 1, 1978, Appellees,

v.

E. Omar BARNES and wife, Roberta Barnes, Appellants,

and

Mewbourne Oil Company, Defendant.

No. 70849.

Court of Appeals of Oklahoma, Div. No. 3.

May 15, 1990.

Keith Drum, Drum & Venable, Beaver, for appellants.

Mitchell G. Ehrlich, Lemon, Shearer & Ehrlich, Perryton, Tex., for appellees.

## MEMORANDUM OPINION

ADAMS, Judge:

E. Omar Barnes and Roberta Barnes appeal a trial court judgment determining A.L. Shuler and Grace Shuler, as trustees, own one-half of all royalties reserved under present and future oil and gas leases covering a 480 acre tract of land in Beaver County, Oklahoma. This judgment followed a trial to the court in which the parties established the facts which follow.

On December 10, 1951, the Shulers and the Barnes executed a *Contract For Deed* wherein the Shulers, as first parties, agreed to sell to Barnes, as second parties, a 480 acre tract of land in Beaver County, Oklahoma. The contract contained the following reservation clause:

> First parties to reserve a one-half non participating mineral interest, in and under the land conveyed, with rights of ingress and egress, but not to share under the present lease on the land in delay rentals; nor to share in any future lease,

the second parties to have the right to lease said land for mineral development or production provided that any lease executed hereafter shall reserve a full ⅛th of production of oil or gas as royalty.

On December 11, 1951, Shulers executed a deed containing a different reservation clause:

"First Parties, A.L. Shuler and Grace E. Shuler, husband and wife, reserving unto themselves as joint tenants and not as tenants in common an undivided ½ of the production of mineral from said land; with rights of ingress and egress, they to receive a full ½ of ⅛th of. all mineral production, but not to share in delay rents under present lease; nor to share in any bonus or delay rentals under future lease; the second parties to have the right to lease said land in the future for oil, gas or other mineral development, provided all leases shall provide a full ⅛th of all production of all oil, gas or other minerals as royalty."

At the time of conveyance, 320 acres was subject to a current oil and gas lease which provided for ⅛ royalty and a ten year primary term. This lease expired, and in 1980 Barnes granted a lease to Mewbourne Oil Company covering the entire tract providing for 3/16 royalty. When Mewbourne completed a producing well under the lease, Shulers and Barnes disagreed over the proper division of the 3/16 royalty. Mewbourne has paid the disputed proceeds into court, and takes no position in this case.

At trial, the court found the deed reservation ambiguous and considered extrinsic evidence, including the Contract for Deed, to determine the parties' intent. In his order, the trial judge found the parties intended Shulers to retain ½ of the royalty under any oil and gas lease, and entered judgment accordingly.

 As their first proposition of error, Barnes claim the deed is unambiguous, and the trial court improperly admitted parol evidence. We disagree. Where a deed has an element of uncertainty, parol evidence may be admitted to prove its true meaning. *Rogers v. Kinney,* 122 Okla. 73, 250 P. 890

(1926). An examination of this reservation reveals a direct conflict in wording. The reservation contains four separate clauses, separated by semicolons. The first clause reserves ½ of the mineral production. The third clause prevents Shulers from sharing in any bonuses or delay rentals in future leases. The second and fourth clauses create ambiguities and questions about the parties' intent. Is the second clause a further definition of the ½ reserved in the first clause, or does it just describe Shulers' rights under the present oil and gas lease? Is the fourth clause a ceiling on Shulers' interest, or does it provide a floor for that interest? It is apparent that the words of the reservation are conflicting and parol evidence is necessary to determine the parties' intent. This kind of conflict was not present in any of the cases cited by Barnes, and they do not apply here. The trial court properly found the reservation ambiguous and admitted other evidence relevant to the parties' intent.

Barnes also claims the trial court erred when it found the *Contract for Deed* was controlling in determining intent of the parties. The trial court made no such finding, and this proposition is without merit. The trial judge considered all evidence adduced at trial, including testimony of the witnesses and the contract, and found the contract and deed together gave a clear picture of the parties' intent.

 Essentially Barnes ask this Court to reverse a factual determination based upon competent evidence. We will not do so. The findings of a trial court sitting without a jury are entitled to the same weight on appeal that would be given the verdict of a properly instructed jury. If there is any evidence tending to support the findings and judgment of the trial court in a non-jury case, such findings and judgment will not be disturbed. *Maras v. Smith,* 420 P.2d 483 (Okla.1966). This Court cannot substitute its judgment for the trial court's, and we will not reverse the trial court's decision merely because the record might also support a conclusion opposite to that reached by the trial judge.

*Stovall v. Liberty Plan of America, Inc.*, 414 P.2d 242 (Okla.1966).

Finally, Barnes assert in their third proposition of error that the deed establishes a ceiling on the rights reserved by grantor. This is another challenge to factual detemi-nations based upon competent evidence, and we will not reverse the trial court.

In a clear, well reasoned opinion, the trial court determined the parties intended Shulers to retain ½ of the royalties under any future oil and gas leases. The factual findings are adequately supported by the evidence, and the trial court's legal conclusions are correct. We affirm the trial court's holding the Shulers are entitled to receive ½ of all royalties reserved and produced, whether these royalties are ⅛ or ³/₁₆, and that Barnes are entitled to the remaining ½ of royalty plus all bonuses, delay rentals and executive rights.

AFFIRMED.

HANSEN, P.J., and BAILEY, J., concur.