1999 OK 36

## Tom C. SIDES and Judy C. Sides, Plaintiffs–Appellees,

v.

## JOHN CORDES, INC., Defendant–Appellant.

### No. 89,207.

Supreme Court of Oklahoma.

May 4, 1999.

Tommy L. Sims, John P. Zelbst Law Firm, Lawton, Oklahoma, for Appellees.

Manville Redman and Robert Ross, Lawton, Oklahoma, for Appellant.

OPALA, J.

¶ 1 The dispositive issue tendered on certiorari is whether the evidence adduced in this jury-waived trial of an action at law supports an award of punitive damages in excess of the amount of actual damages. We answer in the affirmative.

## I

### THE ANATOMY OF LITIGATION

¶ 2 Tom C. Sides and Judy C. Sides ("the Sides" or "plaintiffs") purchased in November 1994 what they believed to be a new automobile from John Cordes, Inc., a car dealership located in Walters, Oklahoma ("the dealership" or "defendant"). The salesman did not disclose to the Sides that the car they were buying had been damaged in a storm nor that it had required substantial repairs. Only after taking the car home and driving it for a few days did the Sides realize that their "new" car was not pristine.

¶ 3 The Sides filed suit against defendant, alleging that by failing to disclose the damage and repair history of the automobile and selling the car to them as if it were a new car, defendant had committed fraud for which plaintiffs were entitled to actual damages. The Sides also complained that the defendant's failure to disclose the relevant information was done either intentionally or with gross negligence, which they invoked as a predicate for a punitive damages award.

¶ 4 The parties waived trial by jury and the cause was presented to the court on 13 September 1996. Approximately five months later, the trial judge reached his decision and entered judgment in favor of the plaintiffs, awarding them actual damages in the amount of $4,525.00 and punitive damages in the amount of $45,250.00. In awarding punitive damages, the court stated, in reference to the applicable statutory language, that it had found "clear and convincing evidence of defendant's false representations", warranting the assessment of punitive damages in excess of the actual damages award.

██ ¶ 5 Defendant appealed for corrective relief from the actual as well as punitive damages award.[1] The Court of Civil Appeals affirmed that portion of the judgment imposing liability and assessing actual damages, but held that the trial court erred in its ruling that there was clear-and-convincing evidence to authorize that the cap on punitive damages be lifted. Accordingly, the appellate court reduced the punitive damages award to an amount equal to that of actual damages.

¶ 6 We granted certiorari on plaintiffs' petition and now affirm the trial court's judgment.

## II

### THE RECORD OF THE PROCEEDINGS BELOW CONTAINS COMPETENT EVIDENCE TO SUPPORT THE TRIAL COURT'S AWARD OF PUNITIVE DAMAGES IN EXCESS OF THE AMOUNT OF ACTUAL DAMAGES

██ ¶ 7 The Sides' common-law fraud claim is based upon the defendant's failure to

---

1. The dealership urged on appeal, as well as in its certiorari response, that plaintiffs were required to mitigate their damages by accepting the dealership's offer to replace the purchased car. Defendant's reliance on this defense obliquely conveys the notion that plaintiffs were limited to but a single remedy—that of rescission. The law imposes no such limitation on a plaintiff's choice of remedies. Defrauded parties have the option of rescission *or* damages. 15 O.S.1991 § 233; *Beck v. Reynolds,* 1995 OK 83, 903 P.2d 317; *Dusbabek v. Bowers,* 173 Okl. 53, 43 P.2d 97.

disclose to them the fact that the car they were purchasing had been damaged and repaired. This failure to disclose amounted to an affirmative, false representation that the automobile was new. Oklahoma statutory law imposes a duty on every dealer to disclose in writing to the purchaser of a new or previously unregistered motor vehicle any damage known by the dealer to have been sustained by the vehicle and subsequently repaired, if the value of the repairs exceeds three percent (3%) of the manufacturer's suggested retail price of the vehicle or five hundred dollars ($500.00), whichever is greater.[2] *The dealership clearly had a statutory duty* to disclose to the Sides the fact of the damage and repair to the vehicle they were purchasing. In the absence of the disclosure, the dealership gave the Sides the false impression that the automobile was new and undamaged. It was the judgment of the trial court that the failure of the salesman (and hence the dealership)[3] to disclose the true condition and history of the automobile constituted fraud. The Court of Civil Appeals agreed and affirmed the trial court's judgment insofar as it imposes liability and for the amount of actual damages. *Defendant concedes that there is competent evidence in the record to support that portion of the judgment.*

▇ ¶ 8 As for punitive damages, the Court of Civil Appeals departed from the trial court's judgment, holding that while there was competent evidence upon which punitive damages equal to the sum of actual damages could be awarded,[4] the proof adduced was insufficient to justify the judge's removal of the statutory percentage limitation on punitive damages. Accordingly, the appellate court reduced the punitive damages award to a sum equal to the amount of actual damages adjudged.

¶ 9 The sole issue before us on certiorari today[5] is whether the evidence adduced at this jury-waived trial is legally sufficient to support the trial court's award of exemplary damages in excess of actual damages.

▇ ¶ 10 The imposition of punitive damages is governed by statute. At the time this case came to trial, the statute controlling a punitive damages award, 23 O.S.1991 § 9,[6] provided:

A. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. Provided, however, if at the conclusion of the evidence and prior to the submission of the case to the jury, the court shall find, on the record and out

---

2. 47 O.S.1991 § 1112.1.

3. The common-law doctrine of respondeat superior makes an employer vicariously liable for the acts or omissions of an employee acting within the scope of his employment. *Nelson v. Pollay, M.D.,* 1996 OK 142, 916 P.2d 1369, 1374, n. 23; *Texaco, Inc. v. Layton,* 1964 OK 51, ¶ 7, 395 P.2d 393, 396.

4. The Court of Civil Appeals held that misleading a prospective buyer of an automobile into believing that a damaged and repaired car is new violates societal interests to such an extent that punitive damages are appropriate. The standard for appellate review of the trial court's decision to submit to the jury the question of punitive damages is whether there was competent evidence to support the decision. *Wilson v. Hess–Sweitzer & Brant,* 1993 OK 156, ¶ 11, 864 P.2d 1279, 1282.

5. The dealership, which did not seek certiorari, argues in this court, just as it did before the

Court of Civil Appeals, that there was error in the nisi prius refusal to consider the issue of mitigation of damages. Although under *Hough v. Leonard,* 1993 OK 112, 867 P.2d 438, the dealership's actions would be sufficient to preserve the urged error for our certiorari review, it is unnecessary for us to address its argument. Mitigation presents a litigable issue if the tort victim stands aside and allows damages to mount. *Murduck v. City of Blackwell,* 198 Okl. 171, 176 P.2d 1002 (1946). On this record, there is nothing to indicate that the value of the purchased automobile decreased by depreciation merely because the buyers refused to accept the offered replacement.

6. The text of 23 O.S.1991 § 9, repealed by Laws 1995, c. 287, § 4, was replaced by the provisions of 23 O.S. Supp 1995 § 9.1, effective August 25, 1995.

of the presence of the jury, that there is clear and convincing evidence that the defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, then the jury may give damages for the sake of example, and by way of punishing the defendant, and the percentage limitation on such damages set forth in this section shall not apply.

B. The provisions of this section shall be strictly construed.[7]

¶ 11 Section 9 expressly introduces two levels for an award of punitive damages. They may be capped at the level of actual damages or left uncapped and unrestricted by the amount of actual damages. Which level of punitive damages a jury may consider in a given case is determined by which, if either, of two different preliminary evidentiary findings is made by the trial judge. *First,* if the trial judge determines that there is *any competent evidence* demonstrating that the defendant has engaged in at least one of the statutorily enumerated behaviors,[8] the judge must submit to the jury the plea for *capped* punitive damages. *Second,* if the judge finds that there is *clear-and-convincing evidence* that the defendant is guilty of at least one of the enumerated behaviors, the trial judge must submit to the jury the plea for *uncapped* punitive damages. Both of these threshold rulings present issues of law

for the trial judge.[9] Either completes the first stage of the process that leads to an award of punitive damages and opens the second stage—the jury's ultimate decision whether the evidence actually warrants punitive damages, and if so, in what amount.[10]

¶ 12 In rejecting the trial court's ruling, the Court of Civil Appeals held that evidence of the statutorily described conduct had not been demonstrated by clear-and-convincing evidence, as required by statute, but had merely been "plainly shown". The appellate court concluded that the defendant's acts were "the result of the dealership's neglect or omission in records keeping and management information rather than from ... some design to harm the plaintiff-buyers." The plaintiffs argue on certiorari that the Court of Civil Appeals improperly substituted its own findings for those of the trial court. We agree.

¶ 13 The first step in our review is to consider whether the evidence establishes, clearly and convincingly, the existence of facts which would permit the trial judge, acting as fact finder in the second stage of punitive damages deliberation, to assess uncapped punitive damages. It is important to keep in mind that the clear-and-convincing standard is applicable only to the threshold question of whether the jury may consider

7. The provisions of § 9 patently contemplate a proceeding where the functions of judge and jury are performed by different persons. This is not surprising inasmuch as exemplary damages are assessable only in cases of legal cognizance triable before a jury. *Jones v. Farmers Ins. Exchange of Los Angeles,* Cal., 112 F.Supp. 952 (W.D.Okla.1953); *Mid–Continent Petroleum Corp. v. Bettis,* 180 Okl. 193, 69 P.2d 346, 348 (Okla. 1937); *Garrett v. Kennedy,* 193 Okl. 605, 145 P.2d 407, 410 (Okla.1944). In a trial in which the jury has been waived, the court exercises in all respects the functions of a jury and is authorized to award punitive damages to the same extent as a jury. *Pure Oil Co. v. Quarles,* 183 Okl. 418, 82 P.2d 970, 975 (Okla.1938).

8. Although the Legislature used in § 9 the word "guilty", it is clear from the context that "guilt" for purposes of determining whether the question of exemplary damages should be submitted to the jury has no relation to "guilt" in a criminal proceeding. Rather, the showing necessary to permit recovery of capped punitive damages

has been described as evidence of "some element" of the conduct described in § 9. *See, e.g. Graham v. Keuchel,* 1993 OK 6, ¶ 53, 847 P.2d 342, 363. It has also been said that the trial court has a duty to submit the punitive damages question to the jury unless there is a complete lack of evidence to support an inference of the conduct required by § 9. *See, e.g. Shuman v. Laverne Farmers Coop.,* 1991 OK CIV APP 2, ¶ 9, 809 P.2d 76, 79; *Sopkin v. Premier Pontiac,* 1975 OK CIV APP 47, ¶ 22, 539 P.2d 1393, 1396.

9. *Rodebush v. Oklahoma Nursing Homes, Ltd.,* 1993 OK 160, ¶ 17, 867 P.2d 1241, 1247; *Marshall v. El Paso Natural Gas Co.,* 874 F.2d 1373, 1382 (10th Cir.1989).

10. *Rodebush v. Oklahoma Nursing Homes, Ltd.,* 1993 OK 160, ¶ 17, 867 P.2d 1241, 1247 (while the initial determination is a question of law for the court, the latter—*whether to allow or deny punitive damages and their amount, if any*—is left to the discretion of the trier of fact, be that judge or jury).

uncapped punitive damages.[11]

■ ¶ 14 When reviewing the proof's sufficiency, the question is whether a prima facie case has been presented.[12] A prima facie case is made out by that quantum of proof which, if unexplained or uncontradicted, is sufficient to establish a given fact and to uphold a judgment in favor of the issue which it supports, but which may be refuted by other evidence.[13] The evidence may be direct or it may be such as supports an inference in favor of the fact in question.[14] In the context of a punitive damages award, one's successful presentation of a prima facie case gets the issue of punitive damages to the jury. In reviewing whether the plaintiffs in this case have presented a prima facie case for submission of uncapped punitive damages, this court must bear in mind the higher clear-and-convincing standard of proof.[15]

■ ¶ 15 Fraud is one of the behaviors expressly enumerated in § 9 as authorizing the court to submit to the fact finder the question of whether punitive damages are to be awarded. The trial court found clear-and-convincing evidence that the defendant committed fraud in the sale of the automobile to the Sides.[16] We ascribe no legal fault to this determination. The record contains *direct evidence* which, taken together with all reasonable inferences in plaintiffs' favor, is sufficient to present a clear and convincing prima facie case of fraud. Hence, the trial court's threshold finding passes muster under the pre–1995 version of § 9 and justifies the trial judge in moving the case to the second step in the process of considering a punitive damages plea, i.e. his decision in fact whether to impose the award.[17]

11. *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, citing with approval *Marshall v. El Paso Natural Gas Co.*, 874 F.2d 1373 (10th Cir.1989).

12. *Cantrell v. State*, 1985 OK CR 35, ¶ 9, 697 P.2d 968, 971; *State ex rel. Oklahoma Bar Ass'n v. Eakin*, 1995 OK 106, ¶ 27, 914 P.2d 644, 653.

13. BLACK'S LAW DICTIONARY 1189–90 (6TH ed.1990); *Sapulpa Travel Services, Inc. v. White*, 1996 OK CIV APP 21, ¶ 6, 915 P.2d 396, 398.

14. Direct evidence is that which will persuade the fact finder of the existence of a fact without the necessity of drawing any inferences from the evidence. Indirect, or circumstantial evidence, is that evidence from which inferences must be drawn in determining the existence of the disputed fact. Leo Whinery, OKLAHOMA EVIDENCE, § 14.04, p. 276 (1994).

15. Clear-and-convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegation sought to be established. *Matter of C.G.*, 1981 OK 131, 637 P.2d 66, 70, n. 12 ( and cases cited therein). *Cf.* Oklahoma Civil Jury Instruction No. 3.2 ("When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.") and *In re Interest of A.E.*, 722 A.2d 213, 214 (Pa.Super.1998) ("The standard of clear and convincing evidence means testimony that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.").

16. Punitive damages may be assessed against a principal or employer for the acts of its agents or employees if the agent or employee is acting within the scope of his or her employment. *Rodebush v. Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241; *Thiry v. Armstrong World Industries*, 1983 OK 28, ¶ 9, 661 P.2d 515, 518 ("In Oklahoma, punitive damages recovery is imposable vicariously. A principal—individual or corporate—may be made answerable in punitive damages for those offending acts done within the general scope of employment by an employee—no matter what his level of responsibility in the company's organization—-which would serve to justify an exemplary damages award against the employee as an individual tortfeasor.") *Russell–Locke Super–Service, Inc. v. Vaughn*, 170 Okl. 377, 40 P.2d 1090, 1094 (Okla. 1935); *Holmes v. Chadwell*, 169 Okl. 191, 36 P.2d 499, 500 (Okla.1934) (employer may be liable for punitive damages without a showing that the employer ratified the act of the employee). Liability in such cases is based upon the doctrine of respondeat superior. *Jordan v. Cates*, 1997 OK 9, ¶ 9, 935 P.2d 289, 292; *Kurn v. Radencic*, 193 Okl. 126, 141 P.2d 580, 581.

17. While not specifically expressed by the trial court, the record also supports a finding that defendant's conduct was in such disregard of the rights of another as may be deemed equivalent to an evil intent. *The dealership's failure to inform its salesman that the car had been damaged and repaired or to provide some indication on the car itself or on documents attached to or associated with the car*, which would invariably be seen prior to the sale of the car demonstrates a conscious indifference to the likelihood that the car would be sold without the buyer being made aware that it had been damaged.

¶ 16 We next consider whether the trial judge, acting as fact finder, erred in assessing the punitive damages actually awarded. *We hold that he was not.* The findings of a trial court sitting without a jury in a case of legal cognizance are to be given on review the same weight as that which would be accorded the verdict of a well-instructed jury.[18] If there is any evidence tending to support the findings and judgment of the trial court at a bench trial of a law case, the findings and judgment will not be disturbed, even if the record might support a conclusion different from that reached at nisi prius.[19] The credibility of witnesses and the effect of and weight given to their testimony, as well as the resolution of conflicting or inconsistent testimony, are questions of fact to be determined by the trier.[20] *We have carefully examined the entire record and hold that the trial court's conclusion is consistent with the reasonable inferences which may be drawn from the evidence as a whole.*[21] Its judgment may not be disturbed simply because the record might also support a contrary conclusion.

### III

### THE JURY'S VERDICT (OR ITS FUNCTIONAL EQUIVALENT—THE DECISION OF THE JUDGE AFTER A BENCH TRIAL IN A CASE OF LEGAL COGNIZANCE) IS TO BE ACCORDED THE UTMOST DEFERENCE ON APPEAL

¶ 17 Trial by jury is a right guaranteed by the Constitution of the State of Oklahoma.[22] This constitutional provision imposes upon the appellate courts the obligation to accord on review the greatest deference to the determination by the trier of fact.[23] We must not substitute our subjective view for that of the trier unless the trier's decision is manifestly wrong.[24] Although deference to

**18.** *Bradley v. Clark,* 1990 OK 73, ¶ 3, 804 P.2d 425, 427; *Citizens Bank & Trust Co. v. Tomlin,* 1993 OK CIV APP 51, ¶ 9, 852 P.2d 803, 805; *Shuler v. Barnes,* 1990 OK CIV APP 37, ¶ 7, 793 P.2d 301, 302.

**19.** *Tax/Investments Concepts, Inc. v. McLaughlin,* 1982 OK 134, ¶ 3, 670 P.2d 981, 983; *American Fertilizer Specialists, Inc. v. Wood,* 1981 OK 116, ¶ 3, 635 P.2d 592, 593–594; *Maras v. Smith,* 1966 OK 231, ¶ 6, 420 P.2d 483, 485; *Dixon v. Roberts,* 1993 OK CIV APP 15, ¶ 7, 853 P.2d 235, 237.

**20.** *White v. McDonald,* 1968 OK 168, ¶ 10, 447 P.2d 746, 749; *Simons v. Brashears Transfer and Storage,* 1959 OK 156, ¶ 16, 344 P.2d 1107, 1111; *Simmons v. Maxey,* 106 Okl. 252, 233 P. 669 (Okla.1925) (first paragraph of the syllabus).

**21.** Defendant's effort to avoid the imposition of punitive damages included an offer of its unwritten in-house policy for handling dissatisfied customers as well as its salesman's testimony that he tried to make amends to the Sides as soon as he learned that he had sold them a damaged and repaired car. Although the trial court excluded evidence of the details of defendant's attempt to "make amends" as it related to actual damages, it did admit proof of the dealership's internal policy as well as its salesman's response to the plaintiffs' grievance as relevant to defendant's state of mind. From the admitted evidence the trial court *could* have drawn a benign inference which *would* have outweighed the damaging inferences from plaintiffs' proof. The Court of Civil Appeals apparently chose this course, inferring that defendant's action resulted from faulty record keeping. Yet, that chosen inference is no more reasonable than its opposite, apparently drawn by the trial court *from the evidence as a whole*—that defendant's conduct was calculated to deceive or that it was, at a minimum, so reckless as to be substantially equivalent to such calculation. *Cf. Wootan v. Shaw,* 205 Okl. 283, 237 P.2d 442 (Okla.1951). Nor would it have been unreasonable for the trial court to have taken note of defendant's failure to produce even a single purchaser of one other car that had been damaged in the storm to demonstrate the truth of its claim that the failure to inform these plaintiffs about the damage to their car was a departure from the dealership's usual business practice.

**22.** OKLA. CONST. art II, § 19 ("The right of trial by jury shall be and remain inviolate.").

**23.** *Cf., Juvenal v. Okeene Public Schools,* 1994 OK 83, ¶ 12, 878 P.2d 1026, 1030; *McCoy v. Oklahoma Farm Bureau Mutual Ins. Co.,* 1992 OK 43, ¶¶ 11–12, 841 P.2d 568, 570.

**24.** Statutory provisions clearly reflect this policy of the law. *See, e.g.* 12 O.S.1991 § 78 and 20 O.S.1991 § 3001.1. The provisions of § 78 are:

"The Court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The terms of § 3001.1 are:

"No judgment shall be set aside or new trial granted by any appellate court of this state in

the trier of fact does not relieve appellate courts from their duty to review fact findings, it does mean that judgment on a verdict cannot be disturbed merely because we would have reached a different decision. This constitutional obligation circumscribes appellate scrutiny and compels the decision we reach in this case today.[25]

## IV

### SUMMARY

¶ 18 In the two-stage process of arriving at a punitive damages award, we initially review the trial court's threshold determination of whether the cap on punitive damages should be removed to discover whether the nisi prius proponent has established, *clearly and convincingly*, a prima facie case for the cap's removal. On the record before us, we find no error in the trial court's view that a prima facie case for removal of the statutory cap had been established. Once that determination has been made, the case moves to the second step, in which the trier of fact deliberates upon all the evidence and decides whether punitive damages should in fact be awarded and if so, on their quantum. We review this decision to ascertain whether there is competent evidence to support it. The trial judge saw the witnesses and observed their demeanor. Their credibility and the effect of and weight to be given their testimony is for the trier to determine. We hold that, on this record, there is competent evidence to support the judgment by the trial court, sitting as a well-instructed jury, that punitive damages in the amount actually awarded were the plaintiffs' due.

¶ 19 **THE COURT OF CIVIL APPEALS' OPINION IS VACATED IN PART; THE TRIAL COURT'S JUDGMENT IS AFFIRMED**

any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substan-

¶ 20 SUMMERS, C.J., and HARGRAVE, V.C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER, and WATT, JJ., concur;

¶ 21 SIMMS, J., dissents.

tial violation of a constitutional or statutory right."

25. *Boyanton v. Reif*, 1990 OK 83, ¶ 10, 798 P.2d 603, 605; *Death of Lofton v. Green*, 1995 OK 109, ¶ 11, 905 P.2d 790, 793 (Opala, J., concurring).