2003 OK CIV APP 88

**PROTEST OF Pamela Tommie HOLTSLANDER to Unclaimed Property of Carl Ray.**

**Pamela Tommie Holtslander, Appellant,**

v.

**Office Of State Treasurer, Robert A. Butkin, State Treasurer, Appellee.**

No. 98,189.

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 19, 2003.

Barry K. Roberts, Norman, Oklahoma, for Appellant.

Janis W. Preslar, Assistant Attorney General, Oklahoma City, OK, for Appellee.

Opinion by KENNETH L. BUETTNER, Judge:

¶1 Pamela Tommie Holtslander was the sole beneficiary and personal representative of her stepfather Carl Benjamin Ray's estate. He died November 22, 1986. On July 21, 2000, the Office of State Treasurer, Unclaimed Property Division, denied Holtslander's claim to two cashier's checks, listed owner: Carl Ray, address unknown, because the two checks were issued approximately eight years after the death of her stepfather and because the Bank did not provide sufficient owner information such as last known address and social security number. It noted that "Carl Ray" was a relatively common name. Holtslander appealed administratively, where, after hearing, the denial was sustained by the State Treasurer. She subsequently appealed that decision to the District Court pursuant to the Oklahoma Administrative Procedures Act. The District Court also upheld the denial. We affirm.

¶2 Holtslander contends that the District Court on review erred by not correcting the administrative decision which, she claims, was not supported by the law or the evidence. Pursuant to the Oklahoma Administrative Procedures Act, the reviewing court must affirm the decision of the agency, ". . . if it is found to be valid and the proceedings are free from prejudicial error to the appellant." 75 O.S.2001 § 322(3).[1]

¶3 The Oklahoma Uniform Unclaimed Property Act, 60 O.S.2001 § 651 et seq., is not an escheat law but a custodial taking law. *TXO Production Corporation v. Oklahoma Corporation Commission*, 1992 OK 39, 829 P.2d 964. The Unclaimed Property Fund holds property in trust for rightful owners. *Id.* Funds payable on checks or similar instruments for which a bank or financial institution is directly liable, which have been outstanding for more than five years after they were issued or were payable are presumed abandoned, unless the owner has communicated with the holder in writing or indicated an interest evidenced by a memorandum or other record on file, prepared by an employee of the institution. 60 O.S.2002 § 651.2.

¶4 Because of the presumption of abandonment, the burden of proof falls on the protestant. OAC 735:80–13–26.[2]

¶5 Holtslander presented evidence that her stepfather banked at the bank in question's predecessor bank. The bank was unable to supply any of the required identifying information except the name, Carl Ray, and the amount of the two checks. The bank statement of abandoned property shows that the date of issuance and of abandonment were the same, and that the bank was unable to provide a copy of the checks. Personnel from the Unclaimed Property Division noted that their investigation showed the checks were lost during the transition between the first and second bank.

1. 75 O.S.2001 § 322:
    (1) In any proceeding for the review of an agency order, the Supreme Court or the district or superior court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:
        (a) in violation of constitutional provisions; or
        (b) in excess of the statutory authority or jurisdiction of the agency; or
        (c) made upon unlawful procedure; or
        (d) affected by other error of law; or
        (e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in Section 10 of this act, including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or
        (f) arbitrary or capricious; or
        (g) because findings of fact, upon issues essential to the decision were not made although requested.

2. OAC 735:80–13–26. Burden of Proof. In all administrative proceedings, unless otherwise provided by law, the burden of proof shall be upon the protestant to show in what respect the action or proposed action of OST is incorrect. If, upon hearing, the protestant fails to prove a prima facie case, the hearing examiner may recommend that the Treasurer deny the protest solely upon the grounds of failure to prove sufficient facts which would entitle the protestant to the requested relief.

¶ 6 Because unclaimed property funds are held in trust for the rightful owner, a protestant must show a valid claim of ownership. The Treasurer must reasonably assess whether such a claim has been presented. OAC 735:80–7–2, "Proof of Ownership." [3]

¶ 7 The Treasurer noted that the bank records introduced by Holtslander showed that account balances near the time of her stepfather's death were significantly less than $37,000 and the fact that the cashier's checks were issued more than seven years after the stepfather's death could not be ignored. It was also found to be particularly significant that Holtslander visited each of her stepfather's banks immediately after his death and withdrew all funds on deposit. Holtslander testified that her stepfather was known at the predecessor bank where his brother was an officer. The testimony revealed that the funds collected exceeded $93,000 and that additional accounts were held in joint tenancy between Holtslander and her stepfather. The Treasurer noted that "Carl Ray" was a rather common name. Finally, the Treasurer stated that the Bank's failure to provide the required identifying information did not abrogate her burden of proving ownership. We agree.

¶ 8 Holtslander complains that the rules do not provide definitions of "prima facie case" and "sufficient evidence." We find her citation, *Sides v. John Cordes, Inc.*, 1999 OK 36, ¶ 14, 981 P.2d 301, 306, on point with respect to "prima facie case" and "sufficient evidence."

> When reviewing the proof's sufficiency, the question is whether a prima facie case has been presented. A prima facie case is made out by that quantum of proof which, if unexplained or uncontradicted, is sufficient to establish a given fact and to uphold a judgment in favor of the issue which it supports, but which may be refuted by other evidence. The evidence may be direct or it may be such as supports an inference in favor of the fact in question.

¶ 9 Holtslander, to establish a prima facie case, overcoming the presumption of abandonment, was required to submit evidence sufficient to show ownership of the cashier's checks, albeit subject to rebuttal. The documents submitted showed that her stepfather used "Carl B. Ray" or "Carl B. Ray, Jr." It is unavailing to concentrate on the Treasurer's statement that Carl Ray is a relatively common name. Holtslander had the burden of proof. A name is just a starting point. She needed evidence that her stepfather purchased the cashier's checks or more than likely purchased them. Her lack of evidence supports the denial of the claim. We therefore AFFIRM.

ADAMS, P.J., and JOPLIN, C.J., concur.

---

**3.** OAC 735:80–7–2(b)(12) permits, with respect to cashier's checks claimed by payee or purchaser who submits a superior claim, a requirement of indemnity bond if there is insufficient owner and property information.